1    LAW OFFICES OF JONG YUN KIM
     JONG YUN KIM, ESQ., SBN 272176
2    3600 WILSHIRE BLVD., SUITE 2226
     LOS ANGELES, CA 90010
3    TEL (213) 351-9400
     FAX (213) 736-6514
4    JONGKIMLAW@HOTMAIL.COM

5    ATTORNEYS FOR PLAINTIFF

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12 **Young Hee Park**,

          Plaintiff,

13

14       vs.

15

16 **Edward Kim,** as an individual and as
representative capacity as trustee of the
Edward and Kyung Hee Kim 2019 Trust;
17 **Kyung Hee Kim,** as an individual and as
representative capacity as trustee of the
18 Edward and Kyung Hee Kim 2019 Trust; and
DOES 1-10 inclusive,

19

20        Defendants.

| | |
|---|---|
| | CASE NO. |
| | Complaint for Damages and Injunctive Relief for Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |

21

22

23

24

25      Plaintiff Young Hee Park complains of Defendants Edward Kim, as an individual

26 and as representative capacity as trustee of the Edward and Kyung Hee Kim 2019 Trust;

27 Kyung Hee Kim, as an individual and as representative capacity as trustee of the

28 Edward and Kyung Hee Kim 2019 Trust; and DOES 1-10 ('Defendants') and alleges as

follows:

**PARTIES:**

1.      Plaintiff is a California resident with physical disabilities.  She is substantially limited in her ability to walk. She is a paraplegic who uses a walker/cane for mobility.

2.      Defendants are, or were at the time of the incidents, the real property owner(s), business operator(s), lessor(s) and/or lessee(s) of Dae Bok Jung Restaurant ("DAEBOKJUNG") located at or about 2010 James M. Wood Boulevard,  Los Angeles, California.

3.      Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that Defendants herein, including Does 1 through 10, inclusive, are responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISIDICTION & VENUE:**

4.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 and § 1343 (a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.      Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6.      Venue is proper in this court pursuant to 28 U.S.C § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in

2

this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.      Plaintiff went to DAEBOKJUNG in January 2019 to patronize its business.

8.      DAEBOKJUNG is a facility open to the public, a place of public accommodation, and a business establishment.

9.      Parking spaces are one of the facilities, privileges and advantages offered by Defendants to their customers at DAEBOKJUNG.

10.      The wall-mounted International Symbol of Accessibility (ISA) sign should have been mounted at least 60 inches (5 feet) above the ground. However, the sign is mounted 40 inches from the ground.

11.      The parking spaces lacked "*Van Accessible*" and "*Minimum Fine $250*" signs which should have been mounted along with the pole-mounted signage at least five feet (60 in.) above the ground.

12.      The parking lot itself is also devoid of the signage "*Unauthorized vehicles parking in designated accessible spaces not displaying distinguishing placards issued for persons with disabilities will be towed away at the owner's expense.  Towed vehicles may be reclaimed at [insert address] or by telephoning [insert telephone number]*" which should place been placed at the entrance of the parking lot on a 24 in. x 24 in. reflective sheeting aluminum.

13.      Defendants have no procedure or policy in place to maintain the parking spaces reserved for persons with disabilities. As such, accessible parking spaces are no longer available for persons with disabilities who want to patronize DAEBOKJUNG.

14.      Plaintiff personally encountered this problem. This inaccessible parking lot denied Plaintiff full and equal access and caused her difficulty and frustration.

15.      Plaintiff would like to return and patronize DAEBOKJUNG but will be deterred from visiting until Defendants cure the violation.

16.     Plaintiff would like to return, and she intends to return once the violations are fixed.

17.     Defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

18.     Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations, and barriers on the site that relate to her disability.  Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once she conducts a site inspection.  However, please be on notice that the plaintiff seeks to have all barriers related to her disability remedied. See *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a Plaintiff encounters one barrier at a site, she can sue to have all barriers that relate to her disability removed regardless of whether she personally encountered them).

19.     Additionally, on information and belief, Plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) Defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had Defendants intended any other configuration, they had the means and ability to make the change.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN WITH DISABILITES ACT OF 1990 (On behalf of plaintiffs and against all Defendant (42 U.S.C. section 12101, et seq.)

20.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

21.     Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182 (a).

4

"Discrimination" is defined, inter alia, as follows:

    a. A failure to make reasonable modification are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182 (b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C § 12183(a)(2).

22.    Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 standards"), Section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at lease one handicap parking space that is van accessible (having an eight foot access aisle).

23.    Here, Defendants did not provide a single ADA compliant, useable accessible parking space in its parking lot.

24.    A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

25.    Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

26.    Given its location and options, DAEBOKJUNG is a business that the

5

plaintiff will continue to desire to patronize but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all Defendant) (Cal Civ § 51-53)

27.   Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28.   Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

29.   Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for Plaintiffs, Defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

## PRAYER:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1.   For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.   Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3.   Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. §12205; Cal. Civ. Code §52

//

6

Dated: October 21, 2019                    LAW OFFICES OF JONG YUN KIM


                                           BY:/s/ Jong Yun Kim

                                           Jong Yun Kim, Esq.

                                           Attorneys for Plaintiff

7

COMPLAINT